IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**UNITED STATES OF AMERICA,**

vs.                                                                                  Case No.  4:07cr20-RH
                                                                                          Case No.  4:09cv338-RH/WCS
**CARLOS TIRAN McCRAY,**

      **Defendant.**

_____/

## REPORT AND RECOMMENDATION TO DENY § 2255 MOTION

Pending in this case is an amended motion to vacate and set aside a sentence filed pursuant to 28 U.S.C. § 2255.  Docs. 49 and 50 (memorandum).  The United States filed a response.  Doc. 54.  Defendant filed an objection to the timeliness of the Government's response, doc. 55, and a reply, doc. 56.

The Government's response was to be filed by April 5, 2010, but wasw filed on April 22, 2010.  That delay is not a basis to grant relief to Defendant, and his objection to timeliness, doc. 55, should be denied.

Defendant was sentenced as an Armed Career Criminal pursuant to 18 U.S.C. § 924(e).  The predicate offenses were three armed robberies with a firearm committed as a juvenile at age 16.  Doc. 21 (statement of facts); doc. 25 (Defendant's sentencing memorandum).

Defendant now asserts that his juvenile offenses "entailed no weapon as to the petitioner."  Doc. 50, p. 8.  He asserts that his trial attorney was ineffective for failing to investigate, learn that he had not had a weapon during the armed robberies, and to present that defense to this court at sentencing.  Id.  He asserts that "the alleged robberies were defined by the state court as theft offenses."  Id., p. 9.  He also contends that his attorney was ineffective for failing to show that the documents used to prove these convictions were "not authentic," and the cases "have been dismissed."  Doc. 49, p. 4.  He argues, therefore, that he was improperly sentenced pursuant to 18 U.S.C. § 924(e).

Defendant further claims that counsel was ineffective for failing to show this court that his juvenile offenses involved pleas of nolo contendere, adjudication was withheld, he successfully completed a juvenile program, and that under these circumstances, he never lost his civil rights.  Id., pp. 13-14.  He contends that, as a consequence, had counsel been effective, he would not have been convicted under 18 U.S.C. § 922(g)(1), as a felon in possession of a firearm.  Id.

The last contention is without merit.  On January 6, 2004, long after he had become an adult, Petitioner committed a third degree felony, possession of cocaine and cultivation of cannabis, was convicted, and was adjudicated guilty.  Doc. 54-5, pp. 1-3.  This is the felony charged in the indictment as the predicate for the § 922(g) offense.  Doc. 1.

Proof of the juvenile offenses is attached to the Government's response.  Doc. 54-2, pp. 1-6; doc. 54-3, pp. 1-4; doc. 54-5, pp. 1-7.  These exhibits are sufficient evidence of these convictions.  Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254,

161 L.Ed.2d 205 (2005).  The informations and the discharge records, stating that Defendant was adjudicated delinquent in all three cases, is certified by the Clerk of Court.  E.g., doc. 54-2, pp. 2 and 6.  Thus, the records were self-authenticated pursuant to FED. R. EVID. 902.

Defendant's arguments about his lack of involvement with a firearm when these robberies were committed, that these were only theft offenses, and lack of adjudication of guilt, are unsupported.  The records contradict those assertions, and Defendant has come forward with nothing that his attorney should have discovered or done to prove otherwise.

The first offense, case number 95-1079A, occurred on March 4, 1995.  Doc. 54-2, p. 1.  Defendant admitted that he was one of the four suspects and carried a firearm during these two robberies.  Doc. 54-4, p. 4.[1]  One of the suspects (apparently not Defendant) attempted to kill one victim by shooting him with a firearm, and all of the suspects participated in the robberies.  Doc. 54-2, p. 1.  Defendant was adjudicated delinquent.  *Id.*, p. 5.

The second juvenile case, case number 95-1080A, involved offenses that occurred on February 11, 1995.  Doc. 54-3, p. 1.  Defendant was charged with robbing two people with a firearm.  *Id.*  Defendant was one of two people who committed this offense. *Id.*, p. 2.  Alvin Price confessed that he held the handgun.  *Id.*  Price said that Defendant was with him and participated in the robberies.  *Id.*  McCray was identified

---

[1] This probable cause statement is attached to the third offense documents, but relates to the first case, the offenses committed on March 4, 1995.

Case Nos. 4:07cr20-RH and 4:09cv338-RH/WCS

from a photo lineup by one of the victims.  *Id*.  Petitioner was adjudicated delinquent.  *Id*., p. 3.

The third series of juvenile offenses, case number 95-1081A, were committed on March 1, 1995.  Doc. 54-4, pp. 1-2.  Defendant was charged with robbing five people with a firearm.  *Id*., pp. 1-2.  Defendant was adjudicated delinquent for those offenses.  *Id*., p. 5.  One of the suspects had a handgun.  Doc. 54-2, p. 4.  Defendant confessed that he was one of the four who committed these robberies.

Defendant was criminally liable for committing a robbery with a firearm in each of these cases.  He either had a handgun or he aided the others in committing the robberies and they, or at least one of them, had handguns.  Thus, he was guilty as a principal.  FLA. STAT. § 777.011.  Further, on direct appeal, the Eleventh Circuit affirmed this court's ruling that prior juvenile adjudications like these, obtained without a jury trial, can be used for sentence enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e).  Doc. 43, p. 5 on ECF.  Defendant has not shown ineffectiveness of counsel, and the § 2255 motion should be denied with prejudice.

**Certificate of Appealability**

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

I find no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, I recommend that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Any objections relevant to a certificate of appealability shall be made by objections to the district judge within the time indicated below.  Failure to present argument in objections may waive the argument that could have been presented.

**Conclusion**

For these reasons, it is **RECOMMENDED** that Defendant Carlos Tiran McCray's objection as to timeliness, doc. 55, be **DENIED**, that his motion to vacate and set aside a sentence filed pursuant to 28 U.S.C. § 2255, doc. 49, be **DENIED WITH PREJUDICE**, and that a certificate of appealability be **DENIED** pursuant to § 2255 Rule 11(a).  It is further **RECOMMENDED** that the court **CERTIFY** that any appeal is not taken in good faith and **DENY** leave to proceed *in forma pauperis* on appeal.

**IN CHAMBERS** at Tallahassee, Florida, on March 8, 2012.


s/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**